[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal pursuant to G.L. 1956 (1991 Reenactment) §45-24-20 from a decision of the defendant Zoning Board of Review of the Town of Cumberland (hereinafter "the Board"). On April 8, 1992 the Board denied the plaintiff's application for relief from the setback (rear yard and front yard) and total area requirements of the Town Zoning Ordinance in order to erect a single-family residence on Lot 351 on Tax Assessor's Plat 54. A copy of the 200' radius map is attached as Appendix A.
This Court has visited this parcel before. A copy of the Court's Decision in Nancy J. Gaschen v. Zoning Board of Reviewof the Town of Cumberland, C.A. No. 84-5043, filed July 9, 1985 is attached as Appendix B. The plaintiff appealed to the Supreme Court from that Decision, but her appeal was denied and dismissed because the judgment of this Court was reviewable only by writ of certiorari. Gaschen v. Zoning Board of Review of the Town ofCumberland, 499 A.2d 419 (R.I. 1985). There is no record of a writ having ever been sought or granted from that day to this.
According to this plaintiff, Nancy J. Gaschen, the plaintiff in the 1984 proceeding, was then his wife. (Transcript, p. 12). He acquired title by a quitclaim deed on June 30, 1991. (Transcript, p. 74). He alleges in his reply brief that he acquired the premise as a part of "the distribution of marital property pursuant to a property settlement agreement in a divorce action." The plaintiff's amnesia regarding the disposition of the appeal he took to this Court as attorney for his ex-wife in 1985 is understandable in the light of the ancient maxim about one who has himself for a lawyer.
It is obvious from the record that the plaintiff here is now seeking the very same relief on the same grounds and for the same reasons as his then wife did in 1984. No circumstances have changed in the intervening eight years, except that title to the land has changed. The Board found, without any disagreement from the plaintiff, "[T]hat the property was acquired with the knowledge that this type of variance was previously denied." In fact, according to the record, this plaintiff signed the complaint in this Court by which Nancy Gaschen appealed from the adverse decision of the Board.
In 1985 this Court held that when Nancy Gaschen acquired title to this parcel she knew that it did not conform to zoning requirements when it was created. In effect, she was held to have succeeded to the original subdivider's self-created hardship. The Board found in this case, likewise in effect, that Frank Gaschen succeeded to Nancy Gaschen's situation. He certainly took title with notice of her self-imposed hardship.
In that context it is noteworthy that Nancy Gaschen acquired title to the land some time before November 1984 from one Corinne Beaudet, who is identified as a daughter of the original subdivider. Although this plaintiff acquired title in June 1991, as of April 8, 1992, Corinne Beaudet had not yet been fully paid for the land. The Board was fully justified in considering the plaintiff as a successor, not only in title but also in lack of any hardship, to the original subdivider.
Once again, as in 1984, the Board finds that the "variance" would affect the neighborhood adversely. Yet, now, as then, there is no evidence as to whether or not a house of the size and style of the houses in the neighborhood can physically be located within the boundaries of the lot. In addition, now, as then, the Board has made no findings with regard to the public interest.
This Court finds now, as it did in 1985, that the plaintiff's land was a leftover, not platted or intended to be used in 1953 as a house lot. The numbered, lawful lots have long since been developed as house lots or parts of house lots according to the record. (Transcript, pp. 116-18). This parcel is plainly an anomaly created during the boom in land development paralleling the population explosion just after World War II. Municipal land planning may not have been as sophisticated then as it is today, and so the unnumbered lots may have escaped the attention of the Town Council when it approved the recording of this plat in 1953.
The Board was justified in finding that the plaintiff's acquisition of this land was purely speculative with a full awareness on his part that it was and is substantially useless except as the open space it was always intended to be. The decision of the Board will be affirmed.
The defendant will present a form of judgment for entry on notice to the plaintiff.
[EDITORS' NOTE: APPENDIX A IS ELECTRONICALLY NON-TRANSFERRABLE.]